UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
               :
NARISA SILVER,                 :
               :
            Plaintiff,    :
               :       22-CV-1593 (VSB)
      - against -        :
               :       **ORDER**
LEE ANAV CHUNG WHITE KIM RUGER  :
& RICHTER LLP, et al.,          :
               :
           Defendants.  :
               :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       This is a civil action alleging New York statutory and common law claims. (Doc. 1 ("Compl.").) Plaintiff pleads that she "is a resident of New Jersey" and that she "currently lives in Princeton, New Jersey." (*Id.* ¶¶ 2, 6.) Plaintiff sues Lee Anav Chung White Kim Ruger & Richter LLP, LACWKRR NY LLC, LACWKRR NY II LLC, LACWKRR LLP, Naephil Kwun, and Michael M. Yi. (*See id.* ¶¶ 7–11.) Plaintiff pleads that the Court has diversity jurisdiction because "Plaintiff is a resident of New Jersey and no Defendant is a resident of New Jersey, including none of the partners of the Defendant law firm or the members of the Defendant operating companies." (*Id.* ¶ 2). Defendants, however, "[d]eny the allegations in Paragraph 2 of the Complaint, and aver that one of the partners of Lee Anav Chung White Kim Ruger & Richter LLP, Michielle B. Spector, is domiciled in New Jersey." (Doc. 7 ("Answer") ¶ 2.) The parties advise me in their joint letter that Defendants "stated that they do not object to venue in this Court." (Doc. 11 ("Joint Letter").)[1]

---

[1] Plaintiff also pleads that she "filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC")," and that "[w]hen the EEOC completes its investigation of her claims and issues her a right

Federal district courts are courts of limited jurisdiction and must confirm that they have subject matter jurisdiction over matters before them. *See Durant, Nichols, Houston, Hodgson & Cortese–Costa P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009). "Although neither party has raised a question as to this Court's jurisdiction . . . 'it is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *Sanders v. New World Design Build, Inc.*, 19-CV-1071 (VSB), 2020 WL 1957371, at *1 n.2 (S.D.N.Y. Apr. 23, 2020) (quoting *United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)); Fed. R. Civ. P 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under the diversity of citizenship statute, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different states" or "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(1), (3). Corporations are citizens of every state in which they are incorporated and have their principal places of business. *See* § 1332(c); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation's principal place of business is its "nerve center," meaning its "actual center of direction, control, and coordination"). By contrast, "[a] limited liability partnership has the citizenship of each of its general and limited partners for the purposes of diversity jurisdiction." *Monitronics Funding LP v. Pinnacle Sec., LLC*, No. 12 Civ. 1992(JGK), at *1 (S.D.N.Y. March 12, 2012); *see also Brady v. Goldman*, 16-CV-2287 (GBD)(SN), 2016 WL 8201788, at *4

---

to sue, Plaintiff may seek to add her federal claims in this action." (Compl. ¶ 5; *see also* Joint Letter 1.) If Plaintiff seeks and is granted leave to add a federal claim, the Court will have subject-matter jurisdiction as well, but the parties represent that "[f]or the time being, this is a diversity action." (Joint Letter 1.)

2

(S.D.N.Y. Dec. 5, 2016) ("Where a [party] is a partnership, a plaintiff must allege the citizenship of each member of the partnership in order to adequately plead subject matter jurisdiction.").

There must be complete diversity of citizenship between all plaintiffs and all defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014). "Furthermore, it is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (internal quotation marks omitted). It is also "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102–03 (2d Cir. 1997); *see, e.g., Int'l Flight Resources, LLC v. Aufiero*, 21-CV-3029 (VSB), 2022 WL 540660, at *2 (S.D.N.Y. Feb. 23, 2022).

Accordingly, it is hereby:

ORDERED that each party to this action file proof of its citizenship by May 20, 2022. In particular, Plaintiff should file a sworn statement indicating her citizenship at the time of commencement of this action, and Defendants should supply a list of all of Lee Anav Chung White Kim Ruger & Richter LLP's partners and provide all information necessary for me to evaluate their citizenship for the purposes of assessing diversity jurisdiction.

If I am unable to determine my subject matter jurisdiction from the information to be provided by the parties, I must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

SO ORDERED.

Dated: May 6, 2022
      New York, New York

_____
Vernon S. Broderick
United States District Judge